PROB 12C
(6/16)

Report Date: July 31, 2024

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Stephon Elijah Coakley     Case Number: 0980 2:20CR00019-TOR-1

Address of Offender: ███████████████ Spokane Valley, Washington 99037

Name of Sentencing Judicial Officer: The Honorable Dana Christensen, Chief U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: January 5, 2016

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Possess with Intent to Distribute Controlled Substance, 21 U.S.C. §§ 841(b)(1)(B) and 846 | |
| Original Sentence: | Prison - 60 months; TSR - 48 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (November 4, 2020) | Prison - 18 months; TSR - 42 months | |
| Asst. U.S. Attorney: | Ann Wick | Date Supervision Commenced: May 24, 2024 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: November 23, 2027 |

## PETITIONING THE COURT

To issue a summons.

On May 24, 2024, a supervision intake was completed. Mr. Coakley's judgment was reviewed with him. He signed a copy of his judgment acknowledging an understanding of the conditions imposed by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 1**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay. |
| | **Supporting Evidence**: It is alleged that Stephon Coakley violated the terms of his supervised release by failing to attend mental health counseling, on or about June 25 and 26, and July 2, 2024. |

Prob12C
Re: Coakley, Stephon Elijah
July 31, 2024
Page 2

On May 24, 2024, Mr. Coakley released from custody and commenced his term of supervised release. He had completed a portion of his prison sentence at the residential reentry center (RRC) where he was engaged in mental health counseling with Pioneer Human Services (PHS). During his supervision intake, he was advised that his mental health records from the RRC indicated that continued mental health services was recommended, and therefore he would be required to engage in mental health services as a part of his supervision requirements. He was later scheduled to attend his first mental health appointment post release on June 12, 2024.

On June 25, 2024, Mr. Coakley was scheduled to attend a mental health session. It was reported that he called PHS to advise he would be approximately 10 minutes late for his appointment, but then never showed up. He was contacted by the mental health counselor and rescheduled for the next day, June 26, 2024. The counselor accommodated Mr. Coakley's schedule and set the appointment at a later time, normally outside the counselor's schedule. He then failed to attend the June 26, 2024, appointment.

Mr. Coakley was then rescheduled for July 2, 2024. He again failed to attend his mental health appointment on July 2, 2024.

2   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Stephon Coakley violated the terms of his supervised release by failing to appear for a random urinalysis, on or about July 16, 2024.

Mr. Coakley is enrolled in random drug testing with Pioneer Human Services (PHS). He is expected to call the testing line daily to determine if he is required to report that same day for a urinalysis. Testing hours are from 7 a.m. to 7 p.m.

PHS advised that on July 16, 2024, Mr. Coakley failed to appear for a random urinalysis.

On July 17, 2024, Mr. Coakley reported to the United States Probation Office. During this office visit, his failure to appear for testing the day prior was discussed. He initially claimed that on July 16, 2024, he did appear for testing but it was toward the end of the day and the staff member at PHS did not have time to meet with Mr. Coakley for the urinalysis. PHS was contacted and reported that Mr. Coakley did not show up and sign into the building until after the 7 p.m. deadline.

3   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Stephon Coakley violated the terms of his supervised release by consuming a controlled substance, methamphetamine, on or about July 15, 2024.

Prob12C
Re: Coakley, Stephon Elijah
July 31, 2024
Page 3

On July 17, 2024, Mr. Coakley reported to the United States Probation Office. It should be noted that this office visit was a bit lengthy and among the topics discussed was about him missing a urinalysis the day prior. At no point during these discussions did he disclose illicit drug use, despite knowing a urinalysis would be required.

Mr. Coakley then submitted to a urinalysis and only admitted to use after the sample tested presumptive positive for methamphetamine and amphetamine. He signed a drug use admission form admitting to using methamphetamine on July 15, 2024.

4   **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: It is alleged that Stephon Coakley violated the terms of his supervised release by failing to attend a substance abuse assessment, on or about July 29, 2024.

As a result of his use of methamphetamine, see alleged violation number 3 above, Mr. Coakley was referred to Pioneer Human Services (PHS) to complete a substance abuse assessment. He was scheduled for an assessment on July 29, 2024. PHS staff reported that he failed to appear for that assessment.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   07/31/2024

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

August 1, 2024

Date